Paulino Acosta, Director Disabled Veterans Service Office VA Regional Office, Bldg 65, Rm. 121 2200 Fort Roots Drive North Little Rock, AR 72114-1756
Dear Mr. Acosta:
I am writing in response to your request for an opinion about a tax matter affecting Arkansas veterans whom the U.S. Department of Veterans Affairs (VA) has classified as "permanently and totally disabled" under38 C.F.R. §§ 4.16 and 4.17. Paraphrasing your question, you ask:
 Under A.C.A. § 26-3-306 (Supp. 2007), is an Arkansas veteran exempt from paying state taxes on his or her homestead and personal property if he or she qualifies as permanently and totally disabled under 38 C.F.R. §§ 4.16 and 4.17?
RESPONSE
In my opinion, the answer to your question is "yes." Arkansas Code Annotated section 26-3-306 contains the Arkansas tax exemption for a "disabled veteran."[1] The phrase "disabled veteran" is not defined. Instead, the statute conditions *Page 2 
eligibility for the tax exemption on whether the VA compensates the "disabled veteran" for one of three different categories of disability:
 A disabled veteran who has been awarded special monthly compensation by the Department of Veterans Affairs for the loss of, or the loss of use of, one (1) or more limbs, for total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability shall be exempt from payment of all state taxes on the homestead and personal property owned by the disabled veteran
A.C.A. § 26-3-306 (a)(l)(A)(i).
Your question pertains to the third category under which an Arkansas veteran may be eligible for the tax exemption, namely "for service-connected one hundred percent (100%) total and permanent disability. . . ." Again, the statute does not define the phrase "one hundred percent (100%) total and permanent disability." Instead, the statute conditions eligibility on whether the VA compensates the veteran for such a disability.
Therefore, to determine whether a veteran has a "one hundred percent (100%) total and permanent disability," one must consult the appropriate federal regulations that govern the VA's determination. Three federal regulations are relevant to your question: 38 C.F.R. §§ 4.15, 4.16, and4.17. Section 4.15 is a representative example of how the VA compares certain injuries to a rating schedule that indicates the total percentage disability. Section 4.16 classifies certain veterans as "totally disabled" when two conditions are met: the injury is less than 100% total disability but above some minimum percentage and the veteran is unable to obtain "substantially gainful employment." Section 4.17 pairs with section 4.16 by permitting a subset of veterans classified under 4.16 as "totally disabled" to be further classified as"permanently and totally disabled."
Under the federal regulatory scheme, there appear to be two ways in which the VA may classify a veteran as "totally disabled." In the first way, the rating agency assesses the veteran's injuries and compares them to a rating schedule that indicates the percentage disability the veteran is deemed to have because of the injury itself. If the rating schedule indicates that the injury (or combined injuries) totals 100% disability, then the VA classifies the veteran as "totally disabled." In the second way, a veteran can be deemed totally disabled if the veteran's injury *Page 3 
meets a minimum percentage of disability — which is less than 100% — and the veteran is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities."38 C.F.R. § 4.16. The first method is a numeric designation in which an injury is compared to a chart that gives the percentage disability. The second method is somewhat more functional because it encompasses non-schedule factors, namely whether the veteran is able to obtain substantially gainful employment. If a veteran qualifies under either method, the VA will designate the veteran as "totally disabled."
A veteran classified as "totally disabled" under the second method (which is found at 38 C.F.R. § 4.16) may not be considered"permanently and totally disabled" unless that veteran also meets the requirements of 38 C.F.R. § 4.17. In the latter regulation, a "totally disabled" veteran is further classified as "permanently and totally disabled" if the disabilities "are likely to be permanent."38 C.F.R. § 4.17.
These definitions affect the Arkansas statute because the statute links the tax exemption to the VA's determination of permanent and total disability. Thus, if the VA classifies an Arkansas veteran as permanently and totally disabled under 38 C.F.R. §§ 4.16 and 4.17, he or she should also qualify for the Arkansas tax exemption.
An erroneous reading of the phrase "one hundred percent (100%) total and permanent disability" under A.C.A. § 26-3-306 would exclude veterans from tax exemptions if the veterans were classified under the more functional method contained in 38 C.F.R. §§ 4.16 and 4.17. When read in the context of the entire paragraph, however, the phrase includes both the pure schedule method and the functional method. This reading of the phrase is buttressed by the specific examples of injuries that constitute "total disability" sufficient to render a veteran eligible for the state-tax exemption. The first two examples — the loss of (or loss of use of) one or both limbs or one or both eyes — appear to be taken from 38 C.F.R. § 4.15. The latter federal regulation states specific examples of injuries that will automatically render the veteran eligible for a total disability classification:
 The following will be considered to be permanent total disability: the permanent loss of the use of both hands. . .or of one hand and one foot, or of the sight of both eyes. . . .
38 C.F.R. § 4.15. *Page 4 
The third example of an injury that permits the veteran to qualify for the tax exemption under section 26-3-306(a)(l)(A)(i) is a "service-connected one hundred percent (100%) total and permanent disability. . . ." Because this example is intended to clarify the statute's phrase "total disability," the reference to "100%" should not be read so literally that it excludes the more functional designation of total disability under 38 C.F.R. § 4.16. By permitting a total disability classification based on less than a 100% disability schedule-rating coupled with the inability to obtain substantially gainful employment, the VA permits a functional designation of "total disability" even though the numeric designation of disability is less than 100%. Thus, because the Arkansas statute is tied to the VA's disability determination, a permanent and total disability classification under 38 C.F.R. §§ 4.16 and 4.17 meets the third example given in section 26-3-306(a)(l)(A)(i).
Therefore, in my opinion, because the Arkansas tax exemption is tied to the VA's classification system, and a VA classification of a permanent and total disability under 38 C.F.R. §§ 4.16 and 4.17 meets the third example contained in section 26-3-306(a)(l)(A)(i), an Arkansas veteran classified as disabled under those provisions should also receive the tax exemptions under A.C.A. § 26-3-306(a)(l)(A)(i).
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh
[1] As my predecessors have repeatedly noted, this tax exemption is constitutionally suspect. E.g., Op. Att'y Gen. 91-265. Article 16, section 5(b) of the Arkansas Constitution lists all property that must be exempted from taxation. Article 16, section 6 of the Arkansas Constitution states: "All laws exempting property from taxationother than as provided in the Constitution shall be void." (Emphasis added.)